EAST TENN., VA. & GA. RAILWAY CO. *v.* DOUGLASS.

The action being by a father for loss of service of his minor son, who died in consequence of an injury received while running a train as locomotive engineer; and the evidence suggesting that if the accident occurred from fast running by the deceased, who was a youth between seventeen and eighteen years of age, his immediate superior, who was on the train at the time and whose failure to testify in the case as to the real cause of the accident is not accounted for, ought to have controlled and restrained him so as to confine him to a safe speed, the jury were warranted in finding for the plaintiff as to his right to recover and in allowing full damages; and no direct point on the amount of the verdict being made here either in the record, the argument of counsel or their brief, and, so far as appears, none such having been presented and insisted upon in the court below, a new trial is not required merely because this court, on reading the record, has discovered that, in fixing the amount of the damages, the jury may not have deducted enough from the wages which the deceased was earning to cover his

personal expenses, more especially as the evidence furnishes no basis for computing the amount of these expenses, and does not even show that the daily wages which the deceased was earning were not net or in addition to board furnished by his employer, or by whom, whether by himself or his employer, board was furnished.                                                        *Judgment affirmed.*

April 30, 1894.   Argued at the last term.

Action for damages. Before Judge SWEAT. Glynn superior court. May term, 1893.

Douglass sued for the homicide of his son who was seventeen years and eight months old, and was killed in July, 1889, by the derailing of an engine which he was driving backwards, pulling eight empty coal cars. He was employed by the railroad company as an engine-driver or " hostler" to carry engines from the depot in Brunswick to a coal-chute and return them. His wages were $2 per day. He was under the control of the yardmaster. The testimony for plaintiff tended to show that the derailment was caused by the defective state of the track, which was dangerous to be run over even at ordinary and usual speed; and that deceased was without fault. The testimony for defendant was to the effect, that the track was in good condition, and that the train was running at a high and unsafe speed, etc. The jury found for the plaintiff $2,000. Defendant moved for a new trial on the grounds, that the verdict was contrary to the charge of the court and to the evidence, and that the evidence clearly showed that deceased contributed to the accident that caused his death, and therefore no recovery could be had.

GOODYEAR & KAY, for plaintiff in error.

F. H. HARRIS, J. D. SPARKS, and J. L. HARRIS, *contra.*